ORIGINAL

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
    FILED

    NOV 1 2 2015    4:14

CLERK, U.S. DISTRICT COURT
By _____
         Deputy
```

# IN THE UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 4:15-CV-438-A |
| **GREGORY G. JONES** | § § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Gregory G. Jones, files this original answer to plaintiff Securities and Exchange Commission's original complaint.

### ADMISSIONS & DENIALS

1. To the extent that paragraph 1, requires a response Defendant admits that he had an agreement with French investors and received $480,000; but denies the remaining allegations in paragraph 1.

2. To the extent that paragraph 2, requires a response Defendant admits that he raised approximately $645,000; but denies the remaining allegations in paragraph 2.

3. To the extent that paragraph 2, requires a response Defendant admits that he raised approximately $645,000; but denies the remaining allegations in paragraph 2. Defendant believes that paragraph 3 are legal conclusions that do not require a response, but if it does require a response it is denied.

4. Defendant believes that paragraph 4 are legal conclusions that do not require a response, but if it does require a response it is denied.

5. Paragraph 5 is a jurisdictional and venue allegation and defendant does not believe a response is required, however the first sentence is legally conclusory and the defendant cannot admit or deny, and the defendant admits to the legal

conclusion in the second sentence.

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 6.

7. Defendant admits that to the first sentence of paragraph 7, but denies the remaining allegations in paragraph 7.

8. Defendant admits that Aquaphex Total Water Solutions, LLC is a limited liability company organized under Texas law, and located in Southlake, Texas; defendant denies that Aquaphex Total Water Solutions, LLC, is a defendant in the above captioned case.

**The Edwards Exploration Securities Offering**

9. Defendant admits that as to paragraph 9, he in or about 2009, met a group of French investors; and that the investors retained him in or about 2009 to represent them in their purchase of the Edwards Exploration Joint Venture interests; but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 9. Defendant denies that the Edwards Exploration LLC interests were securities or investment contracts.

10. Defendant admits that as to paragraph 10, he entered into an written agreement with certain persons on or about July 2010; but denies the remaining allegations in paragraph 10, and the agreement speaks for itself and has specific terms and conditions requiring the application of legal principles and is an issue of law for the court.

11. Defendant admits to the first sentence of paragraph 11, but denies the remaining allegations in paragraph 11.

12. Defendant admits the allegations in the first two sentences and the last sentence of paragraph 12 except as to the allegations that the investments were securities which is denied. Defendant denies the allegations in the third sentence paragraph 12. Defendant denies that the Edwards Exploration LLC interests were securities or investment contracts.

13. Defendant denies the allegations in paragraph, 13.

**The Aquaphex Securities Offering**

14. Defendant admits the allegations in the first sentence of paragraph, 14, and denies the remaining allegation in paragraph 14.

15. Defendant denies the allegations in paragraph, 15.

16. Defendant denies the allegations in paragraph, 16.

17. Defendant denies the allegations in paragraph, 17; except defendant admits that the quotation in the third sentence is a quote from the Executive Summary; and defendant admits the last sentence of paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph, 19, except defendant admits the last sentence of paragraph 19.

20. Defendant denies the allegations in paragraphs, 21, 22, and 23.

21. Defendant denies the allegations in paragraphs, 25, 26, 27, 28 and 29.

22. Defendant denies the allegations in paragraphs, 31, and 32.

### DEFENSES & AFFIRMATIVE DEFENSES

23. Defendant is not liable to plaintiff because:

    a. the statute of limitations bars plaintiff's claim related to Edwards Exploration, LLC. If any claims exist related to Edwards Exploration, LLC they accrued in 2009, this case was filed in June 2015, more than 5 years after any alleged claim accrued.

    b. The alleged investment with Edwards Exploration, LLC, by the the "French and Swiss investors" was not an investment contract or a security. Edwards Exploration, LLC's relationship with the "French and Swiss investors" was a joint venture. The "French and Swiss investors" agreed that they did not and would not rely on the managerial experience of Edwards Exploration, LLC, for the success of the venture and that they

        had the experience and knowledge to enable them to effectively exercise the managerial powers and authority conferred upon them by the Joint Venture Agreement related to Edwards Exploration, LLC and its entities. The application of the Securities and Exchange Commission's jurisdiction related to Edwards Exploration, LLC, and the activities by the defendant are not valid and the SEC does not have jurisdiction over this matter. The SEC falsely describes the issues in the factual statements in paragraphs 9-13.

    c.    Plaintiff fails to plead any claim against defendant upon which relief may be granted related to any alleged activities concerning Edwards Exploration LLC.

### PRAYER

24.    For these reasons, defendant asks the Court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant its attorney's fees and all other relief the Court deems appropriate in law and equity.

Respectfully submitted by:

_/s/ James C. Mosser_

James C. Mosser, Lawyer
Texas Bar No. 00789784
*MOSSER LAW PLLC*
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073
courtdocuments@mosserlaw.com
Attorney for Defendant Gregory J. Jones

### CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2015, a true and correct copy of the foregoing was served on the attorney of record for Plaintiff via ecf.

_____
James C. Mosser