

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SECURITIES AND EXCHANGE           §
COMMISSION,                       §
                                  §
        Plaintiff,                §
                                  §
VS.                               §    NO. 4:15-CV-438-A
                                  §
GREGORY G. JONES,                 §
                                  §
        Defendant.                §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion to strike third-party complaint filed by plaintiff, Securities and Exchange Commission (the "SEC"). Defendant, Gregory G. Jones, responded. Having considered the motion, the third-party complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

### Background

On November 30, 2015, defendant filed a third-party complaint naming as third-party defendant, J. Gregg Whittaker. Defendant alleged common law fraud, Texas securities fraud, and breach of contract against third-party defendant. On December 4, 2015, the SEC filed the motion to strike defendant's third-party complaint.

II.

## Pertinent Legal Principles

Section 21(g) of the Securities Exchange Act of 1934 ("Section 21(g)") prohibits the consolidation or coordination of other actions brought with SEC actions for equitable relief absent consent of the SEC.[1] 15 U.S.C. 78u(g). "Consolidation of a private action with one brought by the SEC without its consent is prohibited [under this] statute." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332 n.17 (1979). The legislative history of Section 21(g) makes clear that the purpose of this provision is to keep separate SEC actions and private actions in order to prevent further complication in already complex cases. S. Rep. No. 94-75, at 76 (1975), as reprinted in 1975 U.S.C.C.A.N. 179, 254.

III.

## Application of Law to Facts

The SEC argues that defendant's third-party complaint is barred under Section 21(g) because it did not consent to the

---

[1] This section of the Securities and Exchange Act of 1934 provides in pertinent part that:
   Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

filling of such third-party complaint. Doc.[2] 59 at 2-3.[3]
Defendant argues that Section 21(g) should not apply to his
third-party complaint in this action.

The Fifth Circuit and other courts of appeals have not
decided if the third-party complaint of a defendant in a SEC
action is barred by Section 21(g). However, district courts have
overwhelmingly held that third-party complaints in SEC actions
are barred by Section 21(g). See e.g. SEC v. Egan, 821 F. Supp.
1274, 1275-76 (N.D. Ill. 1993) (holding that Section 21(g)
prohibited a defendant from bringing a third-party complaint in a
SEC action even though the SEC was seeking more than just
equitable relief); SEC v. BIH Corp., No. 2:10-cv-577-FtM-29DNF,
2013 WL 1212769, *8 (M.D. Fla. 2013) (striking a third-party
complaint in a SEC enforcement action because the third-party
complaint was barred by Section 21(g)); SEC v. Brandt, No. 93-
8521-CIVGONZALEZ, 1995 WL 215220, *1-2 (S.D. Fla. 1995) (holding
that a third-party complaint in a SEC enforcement action was
barred by Section 21(g)).

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the
docket of this case, No. 4:15-CV-438-A.

[3] Defendant seems to suggest that the SEC consented to his filing of a third-party complaint by
not informing the court that it would object to such third-party complaint in the joint status report filed
by the SEC and defendant. Doc. 61 at 7. The filing of this motion within four days of the filling of the
third-party complaint satisfies the court that the SEC did not consent to the filing of defendant's third-
party complaint.

Defendant relies on two cases in which courts of appeals suggest that in some cases Section 21(g) may not prevent a third-party from intervening in a SEC action in support of his position that his third-party complaint is not barred. See SEC v. Flight Transp. Corp., 699 F.3d 943 (8th Cir. 1983) (allowing a third-party to intervene in a SEC action); SEC v. Dresser Indus., Inc., 628 F.2d 1368 (D.C. Cir. 1980) (affirming the district court's decision not allow intervention in a SEC action but suggesting that intervention might be possible in certain circumstances). These cases address a wholly different issue than the one presented in this motion and do not address whether a third-party complaint filed by a defendant in a SEC enforcement action is barred by Section 21(g).

The court is convinced that defendant's third-party complaint is barred by Section 21(g). The SEC's motion to strike defendant's third-party complaint is granted.

IV.

Order

The court ORDERS that the SEC's motion to strike be, and is hereby, granted.

The court further ORDERS that defendant's third-party complaint be, and is hereby, unfiled, and stricken from the

4

record of the above-captioned action, and the Clerk is directed
to note on the docket the unfiling of such complaint.

     SIGNED December 15, 2015.

_____

JOHN McBRYDE
United States District Judge