NORTHERN DISTRICT OF TEXAS
FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAN 2 1 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:15-CV-438-A |
| GREGORY G. JONES, | § § | |
| Defendant. | § § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

After having considered the motion filed by plaintiff,
Securities and Exchange Commission, ("SEC") on December 9, 2015,
for relief from final judgment, the response thereto of
defendant, Gregory G. Jones, ("Jones") plaintiff's reply, the
record of the above-captioned action, and pertinent legal
authorities, the court has concluded that such motion should be
denied.

I.

<u>Background</u>

This action was initiated on June 10, 2015, by the filing by
SEC of its complaint naming Aquaphex Total Water Solutions, LLC
("Aquaphex") and Jones as defendants. SEC asserted three claims
for relief, first for alleged violations by Jones and Aquaphex of
section 10(b) of the Exchange Act [17 U.S.C. § 78j(b)] and Rule
10b-5 [17 C.F.R. § 240.10b-5], second, for alleged violations by

Jones and Aquaphex of section 17(a) of the Securities Act [15
U.S.C. § 77q(a)], and, third, for alleged violations by Jones and
Aquaphex of sections 5(a) and 5(c) of the Securities Act [15
U.S.C. §§ 77e(a) and 77e(c)].  Doc. 1.[1]  SEC prayed for
injunctive relief, civil penalties against Jones and Aquaphex,
and an order directing Jones and Aquaphex to disgorge an amount
equal to the assets and benefits they obtained as a result of the
statutory and rule violations alleged in the complaint, plus
post-judgment interest on the disgorgement amount.  The statutory
and rule violations alleged in the complaint pertained to two
securities offerings, one identified in the complaint as The
Edwards Exploration Securities Offering and the other as The
Aquaphex Securities Offering.

On June 25, 2015, SEC filed an unopposed motion to enter
final judgment of permanent injunction as to Jones and Aquaphex,
with which it submitted a proposed final judgment.  Doc. 10.  The
court signed the tendered proposed final judgment on June 25,
2015, after having made a minor deletion.  Doc. 11.

On August 11, 2015, the court issued an order in which the
court noted that there was no record in the file in this action
of proper service of summons and complaint on "defendants,

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in
this Case No. 4:15-CV-438-A.

Aquaphex Total Water Solutions, LLC," and ordered that by
August 25, 2015, SEC file either proof of proper service of
summons and complaint "on defendants" or an instrument containing
a satisfactory explanation as to why such proof cannot be filed.
Doc. 12.  The order cautioned that failure to comply with the
order could lead to dismissal, without further notice, of SEC's
claims and causes of action "against the defendants, as
authorized by Rule 4(m) of the Federal Rules of Civil
Procedure."[2]  Id.

On September 21, 2015, the court issued an order and final
judgment causing all claims and causes of action asserted by SEC
against Aquaphex that had not previously been resolved by the
June 25, 2015 final judgment to be dismissed without prejudice,
and made in the judgment the recitations required to cause the
judgment to be final and appealable.  Docs. 21 & 22.  The basis
for the dismissal was the failure of SEC to take any action in
response to the court's August 11, 2015 order that by August 25,
2015, SEC file either proof of proper service of summons and
complaint on Aquaphex or an instrument containing a satisfactory
explanation as to why such proof could not be filed.  Doc. 21.
As the court had cautioned in the August 11, 2015 order, SEC's

---

[2]As the text of the order indicates, the court intended to name Jones along with Aquaphex, but
inadvertently failed to do so. Doc. 12.

failure to respond to that order led to the dismissal without further notice to SEC.  This is the final judgment from which SEC is seeking relief by the motion now under consideration.

Rather than to perfect an appeal from the September 21, 2015 judgment of dismissal, SEC filed on December 9, 2015, its motion for relief from judgment that the court now has under consideration.  Doc. 65.  SEC seeks relief pursuant to Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure.[3]  Id. at 1.  Jones filed his response in opposition to SEC's motion on December 29, 2015, Doc. 80, to which SEC replied on January 6, 2016, Doc. 82.

II.

Analysis

The thrust of SEC's motion is that, while it did not comply with the directive of the August 11, 2015 order that it file in this action by August 25, 2015, either proof of proper service of

---

[3]Rules 60(b)(1) and (6) read as follows:
The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
    (b)    GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    * * * * *
    (6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b)(1) and (6).

summons and complaint on Aquaphex or an instrument containing a

satisfactory explanation as to why such proof could not be filed,

on August 18, 2015, SEC filed a document titled "Plaintiff's

Motion for Final Judgment as to Disgorgement and Civil Penalties

Against Aquaphex Total Water Solutions, LLC and Gregory G.

Jones," Doc. 13, to which it attached as Exhibit A a document

titled "Consent of Defendants Aquaphex Total Water Solutions, LLC

and Gregory G. Jones" ("Consent Document"), id., Ex. A, which

recites in the first paragraph that "[d]efendants Aquaphex Total

Water Solutions, LLC and Gregory G. Jones ("Defendants") waive

service of a summons and the complaint in this action, enter a

general appearance, and admit the Court's jurisdiction over

Defendants and over the subject matter of this action," id., Ex.

A at 1, ¶ 1.  Nothing in the motion SEC filed on August 18

alerted the court that the motion was being presented by SEC in

compliance with the directive of the August 11, 2015 order.

SEC provided the following explanation in the motion for

relief now under consideration as to why it thought its filing of

the August 18, 2015 motion satisfied the directives of the

August 11, 2015 order:

> 10.  SEC counsel believed that the Court had
> issued the proof-of-service order because the record
> did not reflect either service of process or a waiver
> of service, the Consent having been unfiled and
> stricken from the record.

11.   By refiling the Defendants' executed waiver
and explaining their waiver of service of process in
the motion of August 18, 2015, the SEC's counsel
believed the SEC would effectively address what counsel
believed to be the Court's concern regarding an absence
of proof of service of process from the record.
Counsel believed that this would resolve any service-
of-process issues and that filing a separate response
to the Court's order was, therefore, unnecessary.
Counsel reached this conclusion in good faith based on
his understanding of Rule 4(d)(4) of the Federal Rules
of Civil Procedure, which provides that "[w]hen the
plaintiff files a waiver, proof of service is not
required and these rules apply as if a summons and
complaint had been served at the time of filing the
waiver."  Fed. R. Civ. P. 4(d)(4).

12.   Because of counsel's mistake in interpreting
the Court's order and because of counsel's mistaken
belief that the service issue would be resolved by
refiling the Defendants' executed waiver and by
flagging the waiver in the Consent, the SEC failed to
explain the Defendants' waiver in an affidavit, as the
Court required.  This failure was caused by counsel's
good-faith but mistaken belief that the Court's concern
was that the record did not reflect either proof of
service of process or an executed waiver and that, once
the Court saw the executed waiver in the record, those
concerns would be resolved.

Doc. 65 at 3-4, ¶¶ 10-12 (record references omitted).[4]

The reliance placed by SEC on the waiver of service of

process provisions set forth in Rule 4(d)(4) of the Federal Rules

of Civil Procedure is misplaced.  Rule 4(d) has a clearly defined

procedure that must be followed for it to be effective.  The

---

[4]The references in the quoted language to the "Consent having been unfiled and stricken from the record" and the "refiling the Defendants' executed waiver of service of process" mentioned in paragraphs 10 and 11 have reference to a document SEC filed contemporaneously with its complaint, but which was ordered stricken and unfiled by the court because of a procedural inadequacy.  Doc. 65 at 2, ¶¶ 1 & 2.

language upon which SEC relies in the Consent Document does not come close to complying with the requirements of Rule 4(d). Moreover, the subpart of Rule 4(d) upon which SEC relies, Rule 4(d)(4), defines the effect of compliance with the waiver requirements of Rule 4(d) by saying that "[w]hen the plaintiff files a waiver, proof of service is not required and these rules apply as if the summons and complaint had been served at the time of the filing of the waiver"; and, Rule 4(d) accomplishes the objective of the service of summons and complaint on the defendant by, if the Rule 4(d) requirements are satisfied, creating an obligation on the part of the defendant to answer and fixing a deadline for the filing of such an answer. Fed. R. Civ. P. 4(d)(1)(D) and Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons).

At this point, the court notes the critical legal significance of the service of process, or legal waiver of service of process as contemplated by Rule 4(d). In <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, the Supreme Court provided the following explanation of the essential goal of service of process or a legal waiver thereof, saying:

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. See <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987)("Before a . . .

court may exercise personal jurisdiction over a
defendant, the procedural requirement of service of
summons must be satisfied."); <u>Mississippi Publishing
Corp. v. Murphree</u>, 326 U.S. 438, 444-445 (1946)
("[S]ervice of summons is the procedure by which a
court . . . asserts jurisdiction over the person of the
party served."). Accordingly, one becomes a party
officially, and is required to take action in that
capacity, only upon service of a summons or other
authority-asserting measure stating the time within
which the party served must appear and defend. See
Fed. Rule Civ. Proc. 4(a) ("[The summons] shall . . .
state the time within which the defendant must appear
and defend, and notify the defendant that failure to do
so will result in a judgment by default against the
defendant."); Rule 12(a)(1)(A)(a defendant shall serve
an answer within 20 days of being served with the
summons and complaint). Unless a named defendant
agrees to waive service, the summons continues to
function as the <u>sine qua non</u> directing an individual or
entity to participate in a civil action or forgo
procedural or substantive rights.

526 U.S. 344, 350-51 (1999). The Fifth Circuit has given full

recognition to <u>Murphy Bros.</u>, noting in <u>Thompson v. Deutsche Bank</u>

<u>National Trust Co.</u> that "[a] defendant has no obligation to

appear in court or defend an action <u>before</u> it is formally served

with process directing it to appear before that forum." 755 F.3d

298, 303 (5th Cir. 2014)(citing <u>Murphy Bros.</u>).

Absent service of process as contemplated by Rule 4 of the

Federal Rules of Civil Procedure or the utilization of the waiver

of service provisions in Rule 4(d), the defendant has no

obligation to participate in the lawsuit, such as the filing of

an answer or other responsive pleading. The waiver language

contained in the Consent Document did not cause Aquaphex to have any obligation to participate in this action--it had no obligation to file an answer or other responsive pleading as contemplated by Rule 12 of the Federal Rules of Civil Procedure. As matters stood when the court issued the August 11, 2015 order and the final judgment of dismissal of claims and causes of action asserted by SEC against Aquaphex on September 21, 2015, things were at a stalemate as to Aquaphex in this litigation because SEC had done nothing to put on Aquaphex any obligation to participate in the action such as by the filing of an answer or other response through SEC's complaint.

Thus, the reasoning of SEC for not complying with the requirements of the August 11, 2015 order must be, and is hereby, rejected by the court. Important aspects of that reasoning are that SEC made a conscious decision not to comply with the August 11, 2015 order, and that it did so for an entirely implausible reason. The court is not persuaded that SEC's noncompliance with that order was by reason of mistake, inadvertence, surprise, or excusable neglect. Therefore, SEC's request for relief under Rule 60(b)(1) is to be denied. Nor has SEC persuaded the court by any of its other arguments that there is "any other reason that justifies relief" from the September 21, 2015 final judgment dismissing all claims and

causes of action asserted by SEC against Aquaphex.  Thus, SEC's request for relief under Rule 60(b)(6) likewise is to be denied.

The court has considered all of the reasons given by Jones in his December 29, 2015 response for denial of plaintiff's motion, including Jones's contention that he was unauthorized to agree on behalf of Aquaphex to waiver of service of summons and complaint on Aquaphex in this action, but, except to the extent embraced within the explanations given above, the court has not found necessary to fully evaluate the merit of the grounds of Jones's response.

III.

<u>Order</u>

Therefore,

The court ORDERS that the motion for relief from final judgment filed by SEC on December 9, 2015, be, and is hereby, denied.

SIGNED January 21, 2016.

JOHN McBRYDE
United States District Judge